IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES BROWN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-18-1921 |
| WARDEN CASEY CAMPBELL, and BRIAN E. FROSH, *Attorney General for* | * | |
| *the State of Maryland*, | * | |
| Respondents. | * | |

*\*\**

## MEMORANDUM OPINION

Petitioner James Brown filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his original 2002 conviction, with resentencing in 2004, and his subsequent sentence in 2013 following a revocation of probation in the Circuit Court for Baltimore City, Maryland. ECF No. 1.  Respondent filed a Limited Answer asserting that Brown's claims may not be considered by this Court because the Petition was not timely filed within the one-year limitations period under 28 U.S.C. § 2244(d).  ECF No. 7.

Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Brown was afforded an opportunity to explain why the Petition should not be dismissed as time barred.  ECF No. 8.  Brown filed a reply stating that his claims were not untimely without valid legal excuse.  ECF No. 9.  Brown states that his assigned attorney failed to file a timely motion for post-conviction relief with respect to the original judgment of conviction due to ineffective assistance of counsel.  ECF No. 9 at 2-4.[1]  In addition, Brown argues that any untimely filing on claims related to the 2013 sentence following the

---

[1]    Herein, page numbers in documents referenced on the docket will refer to the ECF page number rather than the document's internal page number(s) if different.

revocation of probation is the fault of his assigned counsel.  ECF No. 9 at 4-5.  Brown also brings a

claim of actual innocence.  ECF No. 1 at 7-9, ECF No. 9 at 3-4.

The Court directed Respondent to supplement the Limited Answer to provide further

information regarding two motions Petitioner filed to correct an illegal sentence under Maryland Rule

4-354(a) in 2015 and 2016, including whether each motion tolled the limitations period.  ECF No. 10.

Respondent filed a Supplement to the Answer conceding that Brown's claims arising from

the 2013 violation of probation judgment are timely but continuing to assert that the 2002 judgment

of conviction claims are untimely. ECF No. 13.  Respondent maintains that all of Brown's claims

pertaining to the 2002 judgment are procedurally defaulted.  *Id*.

Brown was provided with an opportunity to reply to Respondent's Supplement to the Answer

(ECF Nos. 10, 15), and a Response has been received by the Court.  ECF No. 18. Brown continues

to assert that he is entitled to have his initial conviction claims heard by the Court.  *Id.* at 1-2.

No hearing is necessary to resolve the matter.  *See* Rule 8(a), *Rules Governing Section 2254*

*Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v.*

*Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C.

§ 2254(e)(2)).  For the reasons set forth below, the Court shall deny the Petition.  The Court also

declines to issue a certificate of appealability.

## BACKGROUND

Brown was convicted in a jury trial held in the Circuit Court for Baltimore City, Maryland,

on September 12, 2002.  ECF No. 7-1 at 26; ECF 13 at 10.  Brown was convicted of robbery with

a dangerous weapon; first and second degree assault; misdemeanor theft; wearing or carrying a

weapon openly with intent to injure; first, and second and third degree burglary; and malicious

destruction of property.  *Id.*  After the Circuit Court merged certain offenses, Brown was sentenced

to a split sentence of 20 years' incarceration, all but 15 years suspended, for first-degree burglary; 20 years consecutive, all suspended, for robbery with a dangerous and deadly weapon; and 10 years consecutive, all suspended, for one count of first-degree assault. ECF No. 7-1 at 49. Brown's remaining convictions were merged for sentencing purposes. *Id.* at 26, 49. Brown was also sentenced to five years of probation following his release from incarceration. *Id.*

Brown filed a direct appeal and the Court of Special Appeals reversed Brown's conviction and sentence for first-degree assault, remanded his case for resentencing, and otherwise affirmed the judgment. *Id.* at 49. On remand, on March 22, 2004, the Circuit Court imposed the same sentence as previously imposed. *Id.* Brown did not file a direct appeal following the resentencing. *Id.* at 8-9.

On January 8, 2010, Brown was released from prison to parole and began his period of probation. ECF No. 1 at 17. While on probation, Brown was charged and convicted of first-degree burglary and related crimes in the Circuit Court for Worcester County, Maryland. On January 10, 2013, Brown was sentenced to an aggregate term of 20 years of incarceration, consecutive to any other sentence he was then serving. ECF No. 13-1 at 23-25.

On August 27, 2013, Brown appeared before the Baltimore City Circuit Court for a violation of probation ("VOP") proceeding. ECF No. 7-1 at 49. Brown waived his right to a hearing and admitted the violation. *Id.* The Court revoked his probation and ordered the execution of the suspended five years of his sentence for burglary and a consecutive fifteen years of his previously suspended sentence for robbery, all to be served consecutive to any sentence Brown was then serving. *Id.*

On September 3, 2013, Brown filed a "Notice of Appeal" challenging the VOP proceeding which was construed as an application for leave to appeal by the Court of Special Appeals. *Id.* at

46.  The court found the pleading deficient as an application for leave to appeal and on February 6, 2014, denied the Application for Leave to Appeal, issuing its mandate on March 10, 2014.  *Id.* at 46-47.

On January 13, 2014, Brown filed a motion to reconsider the VOP sentence under Maryland Rule 4-345(e).  *Id.* at 10.  On March 19, 2015, the Court denied the motion as untimely filed.  *Id.* at 13.

On March 3, 2014, Brown filed a petition for post-conviction relief pertaining to the VOP proceeding.  *Id.* at 10.  After multiple supplements to the petition, on February 24, 2017, the petition was denied.  ECF No. 17-1.  On March 21, 2017, Brown timely filed an application for leave to appeal the denial of the petition.  ECF No. 7-1 at 18.  The Court of Special Appeals summarily denied the application and issued its mandate on November 2, 2017.  *Id.* at 20.

While the petition for post-conviction relief was pending, Brown filed two motions to correct an illegal sentence under Maryland Rule 4-345(a).  The first motion was filed on April 29, 2015.  *Id.* at 14.  Respondent notes that the state court record does not indicate that the motion was ever resolved.  ECF No. 13 at 13-14.  Respondent further asserts that the lack of resolution is irrelevant for calculating timeliness of the habeas petition because the limitations period had expired prior to filing the motions.  *Id.* at 13-14; 26.

Brown filed the second Rule 4-345(a) motion to correct illegal sentence on June 6, 2016 pertaining to the initial convictions.  ECF No. 7-1 at 16.  The court denied the motion on October 13, 2016.  *Id.* at 17.  On November 7, 2016, Brown filed a notice of appeal.  *Id.* at 17-18.  On January 2, 2018, the Court of Special Appeals denied Brown's motion and issued its mandate on February 1, 2018.  *Id.* at 20, 48-53.  On January 29, 2018, Brown filed a petition for writ of

certiorari in the Court of Appeals of Maryland, seeking further review of the motion.  ECF 13-1 at 27-53. The court denied the petition on March 23, 2018. *Id.* at 54.

On June 4, 2018, Brown filed a motion to reopen postconviction proceedings.  ECF No. 7-1 at 20.  On June 8, 2018, the motion was denied.  *Id.* at 21.

Respondent notes that Brown had additional petitions and motions for post-conviction relief filed and pending during periods that tolled limitations periods (from August 28, 2015 through May 25, 2017). *See* ECF No. 13 at 15, n. 8.  Respondent does not address these proceedings in detail, stating that they do not affect the timeliness of the federal habeas petition. *Id.*

Brown filed his § 2254 Petition with this court on June 22, 2018.  ECF No. 1-5; ECF No. 13 at 15.  *See* Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 3(d) (mandating prison-mail box rule); *Houston v. Lack*, 487 U.S. 266, 274 (1988)

## STANDARDS OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 785 (internal quotation marks omitted).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id.* "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-

6

court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.* at 379.

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

The Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the

7

> exhaustion requirement would now find the claims procedurally barred." *Id.*
> at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, i.e., the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).  Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's

claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

**DISCUSSION**

**A.      Timeliness of Original Conviction and 2004 Resentencing**

Respondent asserts that the Petition is time barred as to the 2002 judgment of conviction, and resentencing in 2004, and that these claims should be dismissed because the petition was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). ECF No. 13 at 25-26.

A one-year period of limitations applies to federal habeas petitions filed by prisoners in custody under a state judgment. 28 U.S.C. § 2254.  The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In order to calculate the timeliness of Brown's claims related to the initial sentence, the Court must first determine if the 2013 Violation of Probation Judgment impacted the finality of the 2004 resentencing.  Respondent asserts that Brown is not entitled to statutory tolling on this conviction pursuant to 28 U.S.C. § 2244(d)(2).

The Fourth Circuit has held: "Courts have long acknowledged and the Supreme Court has confirmed that a final judgment of conviction includes both the adjudication of guilt (or 'conviction') and the sentence." *In re Gray*, 850 F.3d 139, 141 (4th Cir. 2017) (citing *Deal v. United States*, 508 U.S. 129, 132 (1993), *United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002)).  This means that "when a defendant is resentenced, he or she is confined pursuant to a new judgment even if the adjudication of guilt is undisturbed." *Gray*, 850 F.3d at 142.  In short, Brown's 2013 sentence on the probation violation did not restart the limitations period for the 2004 conviction.  Instead, there are two operative dates for calculating the one-year filing deadline for federal habeas corpus relief, namely, the date the original proceedings became final and the date the subsequent VOP proceeding became final.

Following Brown's original conviction in 2002, Brown timely filed a direct appeal, the Court of Special Appeals reversed the conviction and sentence for first-degree assault, remanded for resentencing, and otherwise affirmed the conviction and sentence.  ECF No. 7-1 at 49.  On remand, on March 22, 2004, the Circuit Court imposed the same sentence as previously imposed. *Id*.  Brown did not file a direct appeal following the resentencing, nor did Brown file any requests for post-conviction relief or other collateral review prior to his release from prison on January 8, 2010.  ECF No. 13 at 25.

Brown's one-year limitations period to file this habeas proceeding challenging the original conviction and sentence began to run on April 21, 2004, which was the expiration of his time to note a direct appeal, following the March 22, 2004 resentencing. *See generally* Md. Rule 8-202(a) (notice of appeal must be filed within 30 days after entry of judgment.)

The habeas petition was filed in this Court on June 22, 2018, more than thirteen years after the one-year limitations period expired on April 21, 2005. Brown's motions filed in 2015 and 2016 to correct an illegal sentence were filed long after the expiration of the one-year limitations period, and Brown is not entitled to statutory tolling on the 2002 conviction and 2004 resentencing. *See* 28 USC 2244(d)(2). Brown did not file any proceedings that would toll this one-year period. Hence, these claims are untimely.

<u>Equitable Tolling</u>

Under limited circumstances, the one-year limitations period for filing a habeas petition may be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). To invoke equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris*, 209 F.3d at 330).

Brown does not argue that there was any impediment to filing his application caused by state action, any newly recognized constitutional right, or any newly discovered factual predicate

underlying his claims that would present a situation indicating that he timely filed his Petition within the one-year period. *See* 28 U.S.C. § 2244(d)(1)(B)(C)(D). *See generally* ECF Nos. 1, 9. Instead, Brown asserts that he is entitled to equitable tolling because he was not aware of the one-year limitations period on filing the action. ECF No. 1 at 28-31. Brown also states that he "applied to the Collateral Review Division for post conviction assistance in 2004." ECF No. 1 at 30. A file was opened, and an investigator met with Brown, but a petition was not filed and in 2010 his file was closed without notice. *Id.* ECF No. 1 at 30-31; ECF No. 9 at 2-3.

Brown's circumstances do not entitle him to equitable tolling. Taking first Brown's lack of knowledge of the limitations period, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing cases). Brown's lack of legal knowledge does not open the door to equitable tolling.

Second, in regard to the lack of assistance from the Public Defender's Office Collateral Review Division, Brown indicates that he requested assistance, an investigation began, and he did not receive the assistance he requested despite his repeated efforts. Brown does not claim, however, that the Collateral Review Division interfered with his ability to timely file the state post-conviction proceeding on his own, nor does he present facts to indicate he made efforts to file the proceeding himself. Due to these events, Brown has not provided facts to demonstrate "that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. at 649 (citation omitted).

It is unclear if Brown also is stating there was attorney error that caused the failure to file for post-conviction relief, which in and of itself, also is not a basis for equitable tolling. *Harris*, 209 F.3d at 330-331 (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition).

Brown's time to file a direct appeal expired on April 21, 2005.  The next time Brown had contact with the court relating to his 2002 conviction and 2004 resentencing was when he was charged with a VOP in 2012.  ECF No. 7-1 at 8-9.  Brown then filed his § 2254 Petition with this Court on June 22, 2018, five years after his VOP conviction in 2013.

Brown has failed to substantiate that he is entitled to equitable tolling regarding his 2002 conviction and 2004 resentencing, and these claims are time-barred.

Actual Innocence Claim

Brown asserts that he is innocent and was wrongly convicted. ECF No. 1 at 7-9; ECF No. 9 at 3-4.  The Court must determine if Brown's actual innocence claim allows him to have his habeas petition assessed on the merits as to the original conviction.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but it should be weighed as a factor in determining whether actual innocence has been reliably established.  *Id*. at 399-400.  But, the Court cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id*. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019).

The *McQuiggin* decision did not create a new right to habeas review, nor did it change existing law.  Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review.  To be credible, a claim of actual innocence must be based on new reliable evidence not presented at trial.  *Schlup*, 513 U. S. at 324.  New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and

13

certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *see Finch*, 914 F.3d at 298.  The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir. 1998).  And, the new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence.  *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999).  To invoke the actual innocence exception, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327.

In his Petition, Brown states that he was convicted solely on the testimony of one witness, Edgar Mangar, who was lying, and there was no corroborating physical evidence.  ECF No. 1 at 7-8.  Brown details Mangar's testimony that he believes was implausible or false and his attorney's alleged ineffective cross examination and impeachment of this witness. *Id.* at 38-42. In his Response, Brown also states that he can "prove that it was impossible for the 'eyewitness' to have seen what he said he saw."  ECF No. 9 at 3.  He states that "google maps" were not available to him at the time of trial and the aerial views "would conclude beyond a reasonable doubt" that he is innocent. *Id.* at 3-4.

Brown also states that he had an alibi witness who was present in court on the day of the trial who could testify that she was with him on the night in question, and the witness had "an abundance of pictures" she had taken that would prove the alibi.  ECF No. 1 at 8.  Brown states that the witness was told by his attorney that she should not testify due to her "record." *Id.*  The attorney instructed Brown's father to send her home and she then left the courthouse.  Brown was told by his attorney that the pictures could "confuse the jury," and they were not used. *Id.*

To support his innocence claim, Brown submits copies of court transcripts of Mangar's testimony, and the testimony of one victim.  ECF No. 1-2.  He also submits what appears to be an

14

aerial view, hand drawn document, and pictures of the crime scene.  *Id.*  He also provides a copy of the court docket with notice of an alibi witness.  *Id.* at 36.

In his Reply Brown now states he has "records" not available at trial, in which the arresting officer told Petitioner's girlfriend that he would "put the Petitioner away forever," and Petitioner was then wrongfully charged and held on another matter until he was eventually charged in the instant matter.  ECF No. 18 at 3.

Brown's submissions must be evaluated against the *Schlup* standard requiring that a claim of actual innocence must be based on new reliable evidence not presented at trial.  *Schlup*, 513 U.S. at 324.  The evidence presented at trial, as summarized by the Court of Special Appeals is outlined below. ECF No. 7-1 at 27-29.

Ms. Wachter testified that, on November 26, 2001, at approximately 3 a.m., she and Mr. Wachter were in their home in bed. They heard the sound of glass breaking, and they went downstairs. They turned the light on in the kitchen as they descended the stairs. Ms. Wachter saw a man standing in the kitchen in the area of the back door. The man was wearing a stocking over his face, a brown khaki baseball cap, brown khaki pants, white gloves, and a plaid jacket. Ms. Wachter's pocketbook was sitting on a kitchen chair. She testified that the man went towards her pocketbook, and she ran out the front door screaming for help. Ms. Wachter did not hear the man say anything, and she did not see a weapon. Ms. Wachter's purse was taken, and it was never returned to her.

Mr. Wachter testified that the man was holding a knife "open-handed in his palm." When Ms. Wachter ran out the door, Mr. Wachter stood facing the man, and the man, with his hand close to Ms. Wachter's pocketbook, said "I'll kill you, I'll kill you." Mr. Wachter grabbed the telephone and went out through the front door. The phone had been disabled, evidently by the intruder.

Edward Mangar testified that, at the time of the event, he was living near the Wachter house. He was a student in law school and was awake, studying, when he heard Ms. Wachter yell for help. He looked out the window and saw appellant jump over the Wachters' fence, go down an alley, and jog to a house where appellant's friend lived.

Mr. Mangar testified that appellant was wearing a khaki cap, khaki trousers, a dark t-shirt, and a jacket. Appellant had a steak knife, a bundle under his arm, and a flesh-colored stocking around his neck. Mr. Mangar recognized appellant from the neighborhood. He identified appellant when shown a photographic array by the police.

On the morning of trial, the court held a hearing on Brown's motion to suppress Mangar's photo array identification. ECF No. 13-2 at 127-131. On cross-examination of Mangar, Brown's attorney used photographs of the crime scene. *Id.*

Brown does not provide the type of information required to support an actual innocence claim. The additional photos and diagrams provided by Brown to support his innocence claim depict the same crime scene as that presented at the hearing. Further, the transcripts provided by Brown go to the credibility of Mangar's testimony and are part of the trial record. Brown simply reflects back to testimony at trial and at a motion hearing, his attorney's handling of cross-examination, and strategy decisions made during trial, including not to call an alibi witness to testify.

The photos, diagrams and transcripts reflect information available at the time of trial. Further, Brown's assertion that he has "records" indicating that the arresting officer had ill will against him does not demonstrate his innocence. He does not advance an argument that relies on new evidence that is reliable, or otherwise affirmatively demonstrates his innocence. *See McQuiggin*, 569 U.S. at 394-95 (stating that the merits of a petition which is concededly time-

16

barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" the petitioner) (quoting *Schlup*, 513 U.S. at 329).

Brown has not presented an actual innocence claim that will allow a merits assessment of his time-barred claims.

**B.  Violation of Probation Claims**

Respondent concedes that Brown's claims pertaining to the 2013 Violation of Probation Judgment were timely filed.  As a basis for denying or dismissing the claims, he asserts that they are procedurally defaulted on independent and adequate state law grounds, not cognizable on federal habeas review and/or are otherwise without merit.   ECF No. 13 at 17, 43.  Brown raises the following claims pertaining to the VOP proceedings, addressed below:

(1) The VOP court erred in imposing the suspended sentence to run consecutive to the new sentences. ECF No. 1 at 14-15.

(2) Ineffective assistance of VOP counsel because Brown's VOP attorney:

   (a)  "failed to argue that the Court gave him an illegal sentence." ECF No. 1 at 32; and

   (b)  "failed to subpoena his supervision probation agent as a witness at the violation of probation hearing."   ECF No. 1 at 32.

(3) Ineffective assistance of post-conviction counsel because his second post-conviction attorney "was not fulfilling his duties," and the court allowed Brown to represent himself. ECF No. 1 at 31.

**1.  Consecutive Running of Sentences**

Brown argues that the VOP court erred in imposing the 2004 suspended sentence of  his Baltimore City conviction to run consecutive to the new sentence imposed in Worcester County

in 2013.  ECF No. 1 at 14-15.  Petitioner argues that the sentence imposed by the VOP court was illegal and amounted to double jeopardy. ECF No. 1 at 14-15.

Respondent asserts that Brown tried twice without success to raise this challenge to the consecutive sentence in the state courts and he is now procedurally barred from presenting this claim in the habeas proceeding due to independent and adequate state law grounds for the dismissals.  ECF No. 13 at 43-47.

Brown's first effort to present this claim was on September 3, 2013, when he filed a "Notice of Appeal," challenging the VOP proceeding which was construed as an application for leave to appeal by the state court.  ECF No. 7-1 at 46.  The Court of Special Appeals found the pleading deficient under Maryland Rule 8-204(b)(3), which requires the application to "contain a concise statement of the reasons why the judgment should be reversed or modified and shall specify the errors allegedly committed by the lower court" and dismissed the pleading.  *Id.*  This dismissal was based on a state procedural rule which provided an independent and adequate ground for dismissal.  *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Brount v. Attorney Gen. of Maryland*, Civil Action No. PWG-17-1465, 2019 WL 5789118, at *4 (D. Md. Nov. 6, 2019) ("The Application for Leave to Appeal was dismissed as untimely based on a state procedural rule (Md. Rule 8-204(b)(3)(A)), which provided an independent and adequate ground for the dismissal), *appeal dismissed sub nom. Brount v. Frosh*, 805 F. App'x 239, 2020 WL 2569325 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 543 (Apr. 5, 2021).

Brown's second effort to challenge the consecutive sentence was on June 6, 2016 when he filed a motion under Maryland Rule 4-345(a) to correct illegal sentence.  ECF No. 7-1 at 16.  The Circuit Court denied the motion and the Court of Special Appeals affirmed the judgment, holding that a Rule 4-345(a) motion was not the proper procedure for Brown's challenges to his sentence.

*Id.* at 48-53. Brown's petition for writ of certiorari in the Court of Appeals of Maryland, seeking further review was denied. ECF 13-1 at 27-54. This dismissal was also based on a state procedural rule which provided an independent and adequate ground for dismissal.

Brown has not offered a basis to excuse the failure to preserve the question for review.[2] Additionally, this Court does not find that failing to reach the merits of this claim would result in the miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).   As discussed above, Brown's actual innocence claim is insufficient to excuse the default.  Further, as more fully discussed below, Brown's claim that he was subject to double jeopardy due to the consecutive running of his sentences, lacks merit.

Federal habeas relief is denied on the first ground asserted in Brown's VOP claims.

### 2.  Ineffective Assistance of VOP Counsel

Brown contends that his VOP counsel rendered ineffective assistance because counsel "failed to argue that the Court gave him an illegal sentence" and also "failed to subpoena his supervision probation agent as a witness at the violation [of] probation hearing."  ECF No. 1 at 32.

Every accused enjoys the Sixth Amendment right to "the effective assistance of counsel." *Garza v. Idaho*, 139 S. Ct. 738, 743-44 (2019) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).  Challenges to the effectiveness of counsel are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Pursuant to *Strickland*, a petitioner must demonstrate both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense.  *Strickland,* 466 U.S. at 687.  Judicial scrutiny of counsel's performance must be "highly deferential" and not based on hindsight.  *Stokes v. Stirling,* _F.4th_, 2021 WL

---

[2]       Brown asserts that due to ineffective assistance of counsel this claim was not presented or preserved for review.  For reasons that follow, *see infra* pages 19-24, the Court finds that counsel was not ineffective, and Brown has failed to provide grounds to excuse the procedural default.

3669570, at *6 (4th Cir. Aug. 19, 2021) (citing *Strickland*, 466 U.S. at 689). A strong presumption of adequacy attaches to counsel's conduct such that a petitioner alleging ineffective assistance must show that the proceeding was rendered fundamentally unfair due to counsel's errors. *Id*. at 689, 700. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689.

The failure to make a frivolous motion or to make ethically improper arguments, does not establish that there was an unprofessional error, nor is there even a remote possibility that the result would have been different had counsel made an objection to the sentence imposed. *See Horne v. Peyton*, 356 F.2d 631 (4th Cir. 1966) (fact that counsel could have done more is insufficient for reversal absent any showing of harmful consequences). Under *Strickland* there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. There is no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present the points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

### a. Failure to Object to the VOP Consecutive Sentence

Brown's sentence for his initial conviction in Baltimore City was ordered to run concurrent with any other sentence in effect at that time. The Worcester County Judge then sentenced Brown to serve a term of imprisonment consecutive to any other term Brown was then serving. The VOP conviction was then ordered to run consecutive to any other sentence Brown was then serving. Brown asserts that it was illegal to order the VOP conviction to run consecutive, because the original

conviction was ordered to run concurrent with any other sentence then in effect, thus creating an inconsistency.

Brown presented this ineffective assistance of counsel claim to the Circuit Court for Baltimore City in his petition for post-conviction relief.  ECF No. 17-1. The court denied the claim finding that the VOP court did not impose an inconsistent or illegal sentence and, that it then followed, that counsel did not render ineffective assistance when she failed to object to the sentence.  *Id.* at 9-10.

The Maryland Court of Appeals has held that when a defendant is convicted of a new crime and sentenced to a term of incarceration while on probation, the judge who revokes the probation has the "unfettered prerogative" to make that reinstated sentence of incarceration run either concurrent with or consecutive with the new term.  *Frost v. State*, 647 A.2d 106, 115 n. 8 (Md. 1994) (quoting *DiPietrantonio v. State*, 487 A.2d 676, 679 (Md. Ct. Spec. App. 1985), and citing *Kaylor v. State*, 400 A.2d 419 (Md. 1979)).  The VOP term was ordered to run consecutive to the new term in accordance with the law.

Further, to the extent that Brown is arguing that his sentence violates state sentencing laws, his claim is not cognizable on federal habeas review.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Brisbane v. Maryland*, Civil Action No. JFM-11-3184, 2012 WL 1883759, at *8 (D. Md. May 21, 2012) ("Petitioner's claim that there was an ambiguity in the way his sentence was imposed does not state a basis for federal habeas relief as it relies solely on state law.").

Brown also states in his Petition that by ordering the VOP sentence to run consecutively to the initial conviction, it subjected him to "double jeopardy."  ECF No. 1 at 14-15.  Brown argues that the two portions of his initial conviction—the unsuspended and suspended portions—should not be separated and instead they should run in sequence chronologically.  He appears to argue that if the

unsuspended and suspended portions of the initial conviction were reconnected, the VOP sentence would have to run concurrently.  ECF No. 1 at 16-17; ECF No. 1-3 at 3.

The Double Jeopardy Clause provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V. The clause protects a criminal defendant against three specific harms: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989).  Petitioner has presented no basis for habeas corpus relief under 28 U.S.C. § 2254(d).  Here, Brown's suspended sentence was reimposed because he reoffended during his time on probation.  He did not receive multiple penalties for the same offense.

Brown has failed to present a viable argument that his VOP sentence was illegal, or that he was subjected to double jeopardy, or that he was prejudiced by the failure of his counsel to object to the sentence.  This claim does not provide a basis for federal habeas relief.

### b.  Failure to Subpoena a Witness at the VOP Hearing

Brown's second ineffective assistance of counsel claim is that his counsel failed to subpoena his supervising probation agent as a witness at the VOP hearing.  Brown states that counsel should not have been assigned as his attorney, indicating that he had just been assigned to represent him "on the morning of the hearing."  ECF No. 1 at 37.

This claim was reviewed by the Circuit Court for Baltimore City in Brown's petition for post-conviction relief.  ECF No. 17-1.  The Circuit Court noted that the VOP court "offered to postpone the hearing to allow Petitioner to secure the agent's attendance, but Petitioner declined the offer and insisted on proceeding."  ECF No. 17-1 at 11.  The Circuit Court further indicated that the Petitioner "quite eloquently informed the court of his considerable accomplishments" and

that the Judge was "singularly unimpressed," stating "I do not believe that the defendant has been rehabilitated and do not believe that a concurrent sentence would be appropriate." *Id.* The court noted that Brown violated his probation with four new convictions, and it was unlikely that the agent's testimony would have had an impact on the sentence. *Id.* The claim was denied as no evidence was offered to establish actual prejudice under the *Strickland* standard. *Id.*

In the context of a *Strickland* claim previously litigated in state court, a petitioner must show that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). "State court findings of fact made in the course of deciding an ineffectiveness claim" are presumptively correct. *Strickland*, 446 U.S. at 698; *see also* 28 U.S.C. § 2254(e)(1). A petitioner must rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*.

Brown provides scant information as to the expected content of the agent's testimony, does not dispute that it was he who insisted that the hearing continue without the agent, or show he was prejudiced in any way. This claim is denied.

**3.   Ineffective Assistance of Post-Conviction Counsel pertaining to the VOP proceedings.**

Brown states that his post-conviction counsel failed to fulfill his duties by "not returning letters or calls."  ECF No. 1 at 31.  Brown "requested [that] his counsel be fired and . . . represented himself during the hearing."  *Id.*

This claim was presented to the state court in post-conviction proceedings.  The hearing transcript reflects a discussion of Brown's claim that he "was denied effective assistance of counsel when counsel failed to properly file an application for leave to appeal from the violation of probation." ECF No. 13-6 at 45.  Brown appears to have waived this claim stating, "We can – I'm going to let that one go also, Your Honor."  *Id.*   The court then denied the claim, holding that Brown had not make his allegation of ineffective assistance of counsel with sufficient specificity. ECF No. 17-1 at 5.

Similarly, Brown has failed to present a viable claim of ineffective assistance of counsel in this proceeding.  This claim is denied for failure to raise a cognizable claim for habeas relief.

## CERTIFICATE OF APPEALABILITY

Having found that the Petition for Writ of Habeas Corpus does not present a claim upon which federal habeas relief may be awarded, this Court must consider whether a certificate of appealability should issue.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.   28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard *v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this court finds that there has been no substantial showing of

the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2). Brown may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.


September 23, 2021                          _____/S/_____
Date                                       Paul W. Grimm
                                           United States District Judge